UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL R. STEADMAN and JUDITH STEADMAN,**

    Plaintiffs,

v.                                                                                                  Case No: 5:14-cv-464-Oc-PRL

**LANDAIR TRANSPORT, INC. and WILLIAM MESHAWN HARVEY**

    Defendants.

## ORDER

This case, alleging negligence arising from a motor vehicle accident, comes before the Court for consideration of Defendants' Motion to Quash Service of Process, and Motion to Dismiss for Lack of Jurisdiction over the Defendants (Doc. 6), to which Plaintiffs have responded (Doc. 10).

Defendants have made a special appearance for the purpose of moving to quash the service of process as to both Defendants, and to dismiss the Complaint for lack of jurisdiction over Defendants. Defendants contend that personal service of Defendants Landair Transport, Inc., and William Harvey, was not perfected. Instead, Defendants contend that Plaintiff improperly served Alias Summons on the Secretary of State as Registered Agent for Defendants, and that such substitute service was improper, and should be quashed.

In response, Plaintiffs state they obtained personal service on Defendant Landair, and are not contending that substitute service was made on either Defendant. Plaintiffs concede they did initially attempt to serve both Defendants via the substitute service process set forth in Florida

- 2 -

Statutes § 48.171.  Plaintiffs explain that prior to the case being removed, they had the process reissued for personal service upon both Defendants in order to avoid any procedural dispute over service of process.  Plaintiffs state that Defendant Landair was personally served on August 19, 2014 by the corporation's designated agent.  Finally, Plaintiffs assert that the proper remedy would be to quash the service of substituted service and permit Plaintiffs to obtain personal service upon the Defendants.  The Court agrees.

As it appears Plaintiffs have already obtained personal service upon the registered agent for Defendant Landair (Ex. 1 to Doc. 10), Plaintiffs need only complete personal service upon Defendant William Harvey.  In light of the dispute between the parties regarding whether service was proper, and the discovery that Defendant Harvey is believed to reside in Georgia, the Court finds that good cause exists to extend the time for service, if necessary, under Federal Rule of Civil Procedure 4(m).

Accordingly, Defendants' Motion to Quash Service of Process, and Motion to Dismiss (Doc. 6) is **GRANTED** to the limited extent that the substitute service issued in state court and effected upon Defendants shall be quashed, but is **DENIED** in all other respects, including as to the service effected upon Defendant Landair's registered agent.  Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs shall have an additional 30 days, if necessary, to complete service upon Defendant William Harvey.  Upon request by Plaintiffs, the Clerk is directed to reissue a summons as to Defendant William Harvey.

**DONE** and **ORDERED** in Ocala, Florida on September 17, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

- 3 -

Copies furnished to:

Counsel of Record
Unrepresented Parties